FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAY 30 AM 11: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAY 3 0 1997

| | | |
|---|---|---|
| NICKY DAVIS AND | ) | |
| DWIGHT THORNHILL, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV-96-1041-S |
| | ) | |
| CITY OF COLUMBIANA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION GRANTING SUMMARY JUDGMENT**

In this action under 42 U.S.C. § 1983, plaintiffs Nicky Davis ("Davis") and Dwight

Thornhill ("Thornhill") claim defendant City of Columbiana ("the City") adopted a policy for

recovering stolen property which deprived plaintiffs of their right to property without due process

of law. The City has moved for summary judgment. Since the relevant facts are without dispute

and the applicable law is clear, the motion is due to be granted.

I.

Plaintiff Thornhill's shotgun was stolen from his truck in Prattville, Alabama in December

of 1980. In August of 1981, plaintiff Davis' deer rifle was stolen from his truck in Prattville.

Both plaintiffs made claims on their homeowners insurance policies and transferred their interest

to their insurance carriers. (Dep. of Thornhill at 10; Dep. of Davis at 15.)  Subsequently the guns

were located in T's Gun & Pawn in Columbiana, Alabama.

Plaintiff Thornhill received a letter from State Farm Insurance, his home insurance carrier,

releasing the gun to him. Plaintiff Davis works for his insurance carrier, Alfa Insurance Company.

1

2b

He claims that Alfa's district claims manager gave him authority to retrieve the gun. (Dep. of Davis at 22.)

Plaintiff Davis claims that Investigator John Samples with the Columbiana Police Department told him he needed to take 50 to $60 dollars to the pawn shop in order to retrieve the gun. (Dep. of Davis at 32.) Investigator Samples denies making the statement. (Dep. of Samples at 43.) Plaintiff Thornhill claims an unidentified City police officer accompanied him to the pawn shop and after making two phone calls informed him that he would have to pay $100 as the pawn shop clerk requested in order to retrieve the gun.

Plaintiffs objected when the pawn shop demanded money in order to recover the guns. They claim they later learned through Columbiana's District Attorney's Office that they did not have to pay to recover the guns. Plaintiffs claim they were deprived of the money they paid to retrieve the guns without due process of law. (See Pl.['s] Br. Opposition Mot. Summ. J. at 6.) Plaintiff Thornhill paid $100 cash. Plaintiff Davis paid with a $100 check, which he later stopped payment on at a cost of $15.

Plaintiff Davis claims that after he stopped payment on the check, Officer Glenn Whitfield left a message with his secretary threatening to arrest him if he didn't take a money order to the pawn shop to replace the check. Plaintiff Davis claims Chief Tucker told him he was required to pay the $100 in response to his complaint to Chief Tucker about Officer Whitfield's alleged threat.

II.

The United States Supreme Court has held that local governing bodies can be sued where "the action alleged to be unconstitutional implements or executes a policy statement, ordinance,

2

regulation, or decision officially adopted and promulgated by that body's officers." <u>Monell v.</u>
<u>New York City Dept. Of Social Services</u>, 436 U.S. 658, 690 (1977). However, a municipality
cannot be held liable under section 1983 on a respondeat superior theory. <u>Monell</u>, 436 U.S. at
691. Municipal liability attaches only when the decisionmaker possesses final authority to
establish municipal policy with respect to the action ordered, and where a deliberate choice to
follow a course of action is made from among various alternatives by the official or officials
responsible for establishing final policy with respect to the subject matter in question. <u>Pembaur v.</u>
<u>Cincinnati</u>, 475 U.S. 469, 480, 483 (1985).

If any constitutional deprivation occurred in this case, it occurred at the time plaintiffs
attempted to reclaim the guns. Plaintiffs claim that Investigator Sample determined the policy of
the City concerning the return of the guns.

In appropriate circumstances, a chief of police may be considered the policymaker for a
city. However, in this case, the Chief had no involvement in the gun retrieval at the time of the
alleged deprivation. Only Investigator Samples and an unidentified officer were involved at the
time of the alleged deprivations. The City cannot be held liable for the conduct of its lowly
officers on a respondeat superior basis. Therefore, summary judgment is due to be granted.

By separate order, Summary Judgment shall be entered in favor of defendant and against
plaintiff.

DONE this **30th** day of May, 1997.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

3